UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RICKY MILLER, | : | Civil No. 09-2891 (JAP) |
| Petitioner, | : | |
| v. | : | **O R D E R** |
| LARRY GLOVER, et al. | : | |
| Respondents. | : | |

A Petition for Writ of Habeas Corpus having been filed in the above action, pursuant to 28 U.S.C. § 2254, and prior notice having been given Petitioner, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000),

IT IS on this 3rd day of December, 2009

ORDERED that the Clerk of the Court shall serve copies of the Petition, and all other documents docketed in this matter, upon Respondents by certified mail, return receipt requested, with all costs of service advanced by the United States; and it is further

ORDERED that Respondents shall file a full and complete answer to all claims asserted in the Petition within 45 days of the entry of this Order, see Ukawabutu v. Morton, 997 F. Supp. 605 (D.N.J. 1998); and it is further

ORDERED that Respondents' answer shall respond to the factual and legal allegations of the Petition by each paragraph

and subparagraph, see Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"); and it is further

ORDERED that Respondents shall raise by way of their answer any appropriate defenses which they wish to have the Court consider, including, but not limited to, exhaustion and timeliness, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority; all non-jurisdictional affirmative defenses subject to waiver, such as timeliness, not raised in Respondents' answer or at the earliest practicable moment thereafter will be deemed waived; and it is further

ORDERED that Respondents' answer shall adhere to the requirements of Habeas Rule 5 in providing the relevant state court record of proceedings, in particular, the answer "shall indicate what transcripts (of pretrial, trial, sentencing, and post-conviction proceedings) are available, when they can be furnished, and also what proceedings have been recorded and not transcribed.  There shall also be attached to the answer such portions of the transcripts as the answering party deems relevant.  The court on its own motion or upon request of the petitioner may order that further portions of the existing transcripts be furnished or that certain portions of the non-transcribed proceedings be transcribed and furnished.  If a

transcript is neither available nor procurable, a narrative summary of the evidence may be submitted.  If the petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the petitioner's brief on appeal and of the opinion of the appellate court, if any, shall also be filed by respondent with the answer."  Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts; and it is further

ORDERED that Respondent's answer shall address the merits of each claim raised in the Petition as to whether the Petitioner has made a substantial showing of the denial of a constitutional right; and it is further

ORDERED that the answer shall include a list identifying each document from the relevant state court proceedings that is filed with the answer; and it is further

ORDERED that Respondents shall either (1) file the relevant state court record electronically, or (2) file the relevant state court record in the Clerk's Office located in the vicinage of the assigned judge **and** submit a courtesy copy of the relevant state court record to the Clerk's Office at 402 East State Street, Trenton, New Jersey  08608; and it is finally

ORDERED that Petitioner may file and serve a reply to the answer within 45 days of Petitioner's receipt of service of same, see 28 U.S.C. § 2254 Rule 5(e).

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge