**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| RICKY MILLER, | : | Civil No.: 09-2891 (JAP) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| LARRY GLOVER, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

> RICKY MILLER, Petitioner Pro Se
> #549995 / SBI 285688C
> Northern State Prison
> 168 Frontage Road, P.O. Box 2300
> Newark, New Jersey 07114
>
> DIT MOSCO, Assistant Prosecutor
> WARREN COUNTY PROSECUTOR'S OFFICE
> 213 Second Street
> Belvidere, New Jersey 07823

**PISANO**, District Judge

On or about June 11, 2009, petitioner, Ricky Miller ("Miller"), filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in which he challenges his 2006 New Jersey state court conviction. On October 20, 2009, Miller filed a motion for appointment of counsel in his habeas matter. (Docket Entry No. 4). The motion for appointment of counsel is being decided pursuant to Fed.R.Civ.P. 78. For the reasons set

forth below, Miller's request for appointed counsel is denied without prejudice.

## I.  BACKGROUND

In his Declaration in support of the motion for appointment of counsel, Miller states that he cannot afford to retain private counsel to represent him.  Miller was granted pauper status in this habeas action on October 8, 2009.  He further contends that his imprisonment "will greatly limit his ability to litigate this case," and contends that he needs "legal assistance to file one all-inclusive" habeas petition "within the mandated period of time."  (Declaration of Ricky Miller, dated October 14, 2009, at ¶¶ 4, 7, Docket entry no. 4-1).

The Court observes that Miller filed a motion to amend his habeas petition on or about February 8, 2010, which included his amended petition asserting additional claims to be construed as his one all-inclusive habeas petition.  (Docket entry no. 8).

## DISCUSSION

There is no Sixth Amendment right to appointment of counsel in habeas proceedings.  See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) ("our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997)(holding that there is no statutory or constitutional right of counsel conferred upon indigent civil

litigants); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), cert. denied, 503 U.S. 988, 112 S.Ct. 1679, 118 L.Ed.2d 396 (1992)("there is no 'automatic' constitutional right to counsel in federal habeas corpus proceedings).

Title 18 of the United States Code, section 3006A(a)(2)(B) states that counsel may be appointed to an indigent habeas petitioner where the "interests of justice so require."[1]  In determining whether the interests of justice require appointment of counsel, the Court must examine whether or not the petitioner has presented a meritorious claim.  See Biggins v. Snyder, Civ. No. 99-188, 2001 WL 125337, at * 3 (D.Del. Feb. 8, 2001)(citing Reese v. Fulcomer, 946 F.2d 247, 263-64 (3d Cir. 1991))(other citations omitted).  Next, the Court must determine whether the appointment of counsel will benefit both the petitioner and the Court by examining the legal complexity of the case and the petitioner's ability to present his claims and investigate facts.  See Biggins, 2001 WL 125337, at *3 (citing Reese, 946 F.2d at 264; Parham v. Johnson, 126 F.3d 454, 457-58 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993))(other citations omitted).  "Where these issues are 'straightforward and capable of resolution on the record,' or when the petitioner has 'a good understanding of the issues and the ability to present

---

[1] Likewise, 28 U.S.C. § 1915(e)(1) provides that a court may "request an attorney to represent any person unable to afford counsel."

3

forcefully and coherently his contentions,' the court would not abuse its discretion in declining to appoint counsel." Biggins, 2001 WL 125337, at *3 (citations and quotations omitted); see also Paul v. Attorney General of New Jersey, Civ. No. 91-3258, 1992 WL 184358, at * 1 (D.N.J. July 10, 1992)(stating that the factors the court should consider in appointing counsel include: "(i) the likelihood of success on the merits; (ii) the complexity of the legal issues raised by the complaint; and (iii) the ability of the prisoner to investigate and present the case").

Here, the Court must first determine if Miller states non-frivolous, meritorious claims. In his petition, Miller challenges his New Jersey state court conviction on several grounds, including a claim that he was denied his right to a speedy trial and a claim that the identification procedure used by police was tainted because the victim was shown an unduly suggestive photograph. Consequently, from the face of the petition and the amended petition, Miller's contentions do not appear to be frivolous, and may or may not have merit.

Next, the Court must examine whether the appointment of counsel will benefit the Court and the petitioner. This case seems to be fairly "straightforward and capable of resolution on the record." See Parham, 126 F.3d at 460 (citing Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir.1990)). Miller has shown his capability to proceed pro se by filing several applications to

4

this Court, including briefs, supplements, and motions, which are articulate, well-reasoned, and evidence a competent understanding of the relevant legal issues.  Also, because he is convicted, Miller has access to the prison law library, even if limited and not "adequate," according to his standards, and a limited ability to investigate the law.  See Jones v. Kearney, Civ. No. 99-834, 2000 WL 1876433, at *2 (D.Del. Dec. 15, 2000)(wherein the court reviewed a similar record and held "these actions show that [petitioner] is capable of prosecuting his case without the assistance of counsel").  Thus, Miller's bald allegation that the fact of his imprisonment inhibits his ability to represent himself in this action is contradicted by petitioner's competent pleadings and applications before this Court.  Additionally, Miller's claims are not complex and are capable of resolution on the record.

Finally, Miller states that the reason he seeks appointment of counsel is to file his one all-inclusive habeas petition. (Pet. Decl. at ¶ 7, Docket entry no. 4-1).  However, on or about February 8, 2010, Miller filed a thorough, articulate and well researched amended petition that includes all his claims for habeas relief pursuant to 28 U.S.C. § 2254.  Accordingly, it would appear that Miller's stated need for appointed counsel is now rendered moot.

Therefore, the Court will deny Miller's motion to appoint counsel, without prejudice, as it does not appear that the appointment of counsel would benefit both Petitioner and the Court.

## CONCLUSION

Therefore, for the reasons set forth above, Miller's motion for appointment of counsel will be DENIED at this time. An appropriate Order accompanies this Opinion.

/s/Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated:  June 23, 2010