```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


RICKY MILLER,                      :
                                   :   Civil Action No. 09-2891 (JAP)
              Petitioner,          :
                                   :
         v.                        :   OPINION
                                   :
LARRY GLOVER, et al.,              :
                                   :
              Respondents.         :
```

**APPEARANCES:**

    RICKY MILLER, Petitioner pro se
    #549995/SBI# 285688C
    Northern State Prison
    168 Frontage Road, P.O. Box 2300
    Newark, New Jersey 07114

    DIT MOSCO, ESQ.
    WARREN COUNTY PROSECUTOR'S OFFICE
    213 Second Street
    Belvidere, New Jersey 07823
    Counsel for Respondents

**PISANO**, District Judge

THIS MATTER comes before the Court by motion filed by petitioner, Ricky Miller, to amend his petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Docket entry no. 8). On February 19, 2010, respondents filed an opposition to petitioner's motion to amend the petition on the ground that it was time-barred. (Docket entry no. 10). This motion is being determined on the papers, pursuant to Fed.R.Civ.P. 78. For the reasons set forth below, petitioner's motion to amend the petition is granted.

I.   PROCEDURAL BACKGROUND

Petitioner, Ricky Miller ("Miller"), was arrested on November 24, 2004, by the New Jersey State Police, on charges of first degree robbery, second degree aggravated assault, third degree possession of a weapon for an unlawful purpose, fourth degree unlawful possession of a weapon, and third degree theft. These charges were the result of an armed robbery that occurred on November 22, 2004 at Smitty's Liquor Store in Knowlton Township, New Jersey.

On February 17, 2005, an Early Disposition Conference ("EDP") was held at which the State offered that Miller plead guilty to one count of first degree robbery and be exposed to a twelve (12) year sentence at the New Jersey State Prison.  The sentence also would include a mandatory minimum period of confinement equal to 85% of the maximum sentence, pursuant to New Jersey's No Early Release Act ("NERA").  Miller rejected the plea offer and the matter was then held for Grand Jury.

On March 2, 2005, the Warren County Grand Jury returned an indictment on all the above charges except the theft charge.  An arraignment conference was held on April 3, 2005.  On or about April 20, 2005, petitioner's application to represent himself was heard, and the state court granted the application, allowing Miller to represent himself with the assistance of stand-by counsel to be appointed by the Public Defender's Office.

Numerous pre-trial motions were filed and heard from April 26, 2005 through November 16, 2005, including Miller's motion to suppress, which was denied on November 16, 2005.

On November 18, 2005, a pre-trial conference was held.  The pre-trial memorandum indicated that a <u>Wade</u> hearing and a motion to dismiss would be heard immediately before trial.  Trial was scheduled to commence on November 29, 2005.  Jury selection commenced on November 29, 2005.  The <u>Wade</u> hearing was conducted on December 5, 2005, after which the trial court ruled that the in-court and out-of-court identification of Miller by the victim could be used at trial.  The trial started on December 6, 2005, with opening statements.

On December 20, 2005, the jury returned a verdict of guilty against Miller on all counts.  Miller filed a motion for a new trial which was denied on January 23, 2006, after a hearing was held on the motion on January 20, 2006.  On April 3, 2006, the trial court sentenced Miller to an aggregate term of twenty (20) years in prison with an 85% parole disqualifier pursuant to NERA.

Miller filed a direct appeal from his conviction and sentence before the State of New Jersey Appellate Division.  On February 5, 2008, the Appellate Division affirmed the conviction, but remanded the matter for an amendment of the judgment of conviction to reflect that the conviction for third degree possession of a weapon for an unlawful purpose should have merged

for sentencing purposes with the conviction for first degree robbery. Miller filed a petition for certification before the Supreme Court of New Jersey. The New Jersey Supreme Court denied certification on April 2, 2009.

Miller filed his initial habeas petition pursuant to 28 U.S.C. § 2254, on or about June 2, 2009.[1] Miller filed a motion to amend his petition on February 8, 2010, which included the amended petition with supporting declaration. (Docket entry no. 8).

On February 19, 20010, respondents objected to the amended petition on the ground that it is time-barred, pursuant to 28 U.S.C. § 2244.

---

[1] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition). Although the Court is unable to determine the exact date that Miller handed his petition to prison officials for mailing, Miller signed a certification of his application for pauper status on June 2, 2009. See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition). Accordingly, the Court finds that June 2, 2009 was the date this petition was filed for purposes of calculating the timeliness of the petition, and not the date the petition was received by the Clerk of the Court on June 11, 2009.

## II.  ANALYSIS

### A.  Pro Se Pleading

Miller brings his habeas petition as a pro se litigant.  A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### B.  Statute of Limitations Analysis

The State argues that the amended habeas petition is untimely and should be dismissed pursuant to 28 U.S.C. § 2244(d).  The limitation period for a § 2254 habeas petition is set forth in § 2244(d),[2] which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time

---

[2]  Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law.  See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996).

>  for seeking such review; ...
>
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

Here, Miller's judgment of conviction was entered on April 3, 2006.  He had appealed from the conviction and sentence, and the New Jersey Supreme Court denied certification on April 2, 2009.  Thus, under § 2241(d)(1), direct review concluded, and Miller's judgment of conviction became final 90 days after April 2, 2009, or on July 1, 2009.  Thus, Miller had one year from July 1, 2009, or until July 1, 2010, to timely file his federal habeas petition and his amended habeas petition.

Here, Miller timely filed his initial habeas petition on June 2, 2009.  His motion to amend his habeas petition was filed on February 8, 2010, well before July 1, 2010, when the one-year limitations period concluded.  Consequently, this Court will grant Miller's motion to amend his petition, and his amended petition is deemed filed on February 8, 2010, the date it was submitted to the Court by motion for filing.

## CONCLUSION

For the foregoing reasons, this Court finds that the amended petition is timely submitted, pursuant to 28 U.S.C. § 2244(d).  Therefore, petitioner's motion to amend his petition (Docket entry no. 8) will be granted.  An appropriate order follows.


/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

DATED: September 29, 2010