**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| RICKY MILLER, | Civil No.: 09-2891 (JAP) |
| Petitioner, |  |
| v. | **O P I N I O N** |
| LARRY GLOVER, et al., |  |
| Respondents. |  |

**APPEARANCES**:

    RICKY MILLER, Petitioner <u>Pro Se</u>
    #549995 / SBI 285688C
    Northern State Prison
    168 Frontage Road, P.O. Box 2300
    Newark, New Jersey 07114

    DIT MOSCO, ESQ., Assistant Prosecutor
    WARREN COUNTY PROSECUTOR'S OFFICE
    213 Second Street
    Belvidere, New Jersey 07823

**PISANO**, District Judge

    Petitioner, Ricky Miller, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his April 3, 2006 New Jersey state court judgment of conviction. Respondents answered the petition but failed to provide copies of the complete state court record, in particular, the pretrial and trial transcripts pertaining to this matter. On or about October 5, 2010, Petitioner filed a motion to compel the respondents to file transcripts labeled "1T - 22T, Exhibit Ra 109, pursuant to

Local Civil Rule 81.2(d).  This motion is  being decided pursuant to Fed.R.Civ.P. 78.  For the reasons set forth below, the motion will be granted.

## I.  DISCUSSION

Petitioner filed this motion to compel respondents to certify and file all transcripts relevant to the state court proceedings at issue in this habeas petition.  Petitioner refers to Local Civil Rule 81.2(d), which provides:

> (d) The respondent shall file and serve his or her answer to the petition or motion not later than 45 days from the date on which an order directing such response is filed with the Clerk, unless an extension is granted for good cause shown.  The answer shall include the respondent's legal argument in opposition to the petition or motion.  The respondent shall also file, by the same date, a certified copy of all briefs, appendices, opinions, process, pleadings, transcripts and orders filed in the underlying criminal proceeding or such of these as may be material to the questions presented by the petition or motion.

Rule 5 of the Rules Governing Section 2254 Cases in the United State District Court ("Habeas Rules") also provides as follows:

> The answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed.  The respondent must attach to the answer parts of the transcript that the respondent considers relevant.  The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished.  If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.

Habeas Rule 5(c).

Here, respondents answered this habeas petition without filing copies of the relevant transcripts from the state court proceedings at issue in this matter.  This Court finds that the transcripts of the state court criminal proceedings are necessary and relevant.  Namely, Petitioner has asserted claims with respect to his speedy trail application in state court, his motion to suppress evidence, tainted identification procedure, testimony of other crimes evidence introduced at trail, and prosecutorial comments made during summation.  The full transcripts of the state court criminal proceedings containing the applications and trial court rulings with respect to the pretrial motions, trails objections, and trail testimony and summation issues mentioned above, are plainly relevant and should have been filed pursuant to Habeas Rule 5(c) and <u>L.Civ.R. 81.2(d)</u>.  <u>See</u> <u>also</u> <u>Pindale v. Nunn</u>, 248 F. Supp.2d 361, (D.N.J. 2003).

In his motion, Petitioner expresses concern that the Court cannot resolve this matter without the relevant transcripts from the state criminal proceedings.  Having reviewed the amended habeas petition (Docket entry no. 15), the respondents' answer and portions of the record provided, the Court finds that disposition of this habeas application cannot be properly made without the relevant transcripts as requested by Petitioner.  Therefore, the Court will grant Petitioner's motion and direct

respondents to file the complete transcripts of the state court criminal proceedings, as referenced "1T-22T, Exhibit Ra 109".

## **CONCLUSION**

Therefore, for the reasons set forth above, Petitioner's motion (Docket entry no. 16) compelling respondents to file the transcripts labeled "1T-22T", Exhibit Ra 109, will be granted. Respondents will be directed to electronically file the transcripts with the Court within 30 days from entry of this Court's Order, which accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated: May 31, 2011

4